UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JULIE A. SU,
*Secretary, Department of Labor*,

        **Petitioner**,

v.

DRR ROOFING, LLC, *et al.*,

        **Respondents**.

Civil Action 2:24-mc-19
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## ORDER

This matter is before the Court on the Petition of Julie A. Su, Acting Secretary for the United States Department of Labor, pursuant to § 9 of the Fair Labor Standards Act, 29 U.S.C. § 209, to compel Respondents DRR Roofing, LLC, and Daniel Ruiz to comply with the subpoena *duces tecum* issued by the Regional Administrator, Wage and Hour Division, United States Department of Labor. (ECF No. 1.) For the following reasons, the Petition is **GRANTED**.

Pursuant to 29 U.S.C. § 211(a), the Regional Administrator of the Department of Labor's Wage and Hour Division issued a subpoena *duces tecum* on October 10, 2023, requiring Respondents DRR Roofing, LLC, and Daniel Ruiz (DRR's owner and statutory agent) to produce 23 categories of records and documents concerning Respondents' business structure, revenue, income taxes, and employment practices by October 20, 2023. (*See* Subpoena *Duces Tecum,* ECF No. 1-8.) To date, Respondents have failed to produce any documents or otherwise respond to the subpoena. (Pet. 5, ECF No. 1.) Nor have Respondents appeared in this action or responded to the Petition.

"A subpoena enforcement proceeding is a summary process designed to decide expeditiously whether a subpoena should be enforced." *Equal Emp. Opportunity Comm'n v. Ferrellgas, L.P.*, 97 F.4th 338, 344 (6th Cir. 2024) (quoting *EEOC v. United Parcel Serv., Inc.*, 859 F.3d 375, 378 (6th Cir. 2017) and *EEOC v. Roadway Express, Inc.*, 750 F.2d 40, 42 (6th Cir. 1984)). Indeed, "a district court plays only a limited role in the enforcement of an administrative subpoena." *Doe v. United States*, 253 F.3d 256, 262 (6th Cir. 2001) (quoting *United States v. Markwood,* 48 F.3d 969, 976 (6th Cir.1995)). "All the district court must do in deciding whether to enforce an administrative subpoena is 1) determine whether the administrative agency to which Congress has granted the subpoena power, in this case the [Department of Labor], has satisfied the statutory prerequisites to issuing and enforcing the subpoena, and 2) determine whether the agency has satisfied the judicially created standards for enforcing administrative subpoenas." *Doe*, 253 F.3d at 262.

In this case, § 9 of the FLSA, 29 U.S.C. § 209, and §§ 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§ 49, 50, grant Petitioner the authority to subpoena the production of documents with respect to an investigation under § 11(a) of the FLSA. Petitioner's request for production of documents from Respondents is within the statutory authority cited and the Court finds that it is relevant to the investigation at issue. Moreover, the undersigned finds that the subpoena satisfies the judicially created standards for enforcing administrative subpoenas; that is, the requested documents are relevant to the Department of Labor's investigation, the information sought is not already in the Department of Labor's possession, and enforcing the subpoena will not constitute an abuse of the Court's process. *See Doe*, 253 F.3d at 265; *Markwood*, 48 F.3d at 980.

Accordingly, the Petition to Enforce Administrative Subpoena *Duces Tecum* (ECF No. 1) is **GRANTED**. The Respondents are **ORDERED** to produce, **WITHIN 30 DAYS** of the date of this Order, the documents identified in the Subpoena *Duces Tecum* (ECF No. 1-8). The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE