UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JULIE A. SU,
*Acting Secretary, Department of Labor*,

        Petitioner,

    v.

DRR ROOFING, LLC, *et al.*,

        Respondents.

Civil Action 2:24-mc-19
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

## REPORT AND RECOMMENDATION

The undersigned's prior Report and Recommendation (ECF No. 13) contained an error in the initial paragraph. That Report and Recommendation (ECF No. 13) is therefore **VACATED**. The following Report and Recommendation is entered in its place.

Petitioner, Julie A. Su, Acting Secretary of the Department of Labor, commenced this miscellaneous action by petition to enforce an administrative subpoena served on Respondents, DRR Roofing, LLC, and Daniel Ruiz. (ECF No. 1.) This matter is before the Court on Petitioner's motion for an order holding Respondents in contempt. (ECF No. 10.) For the following reasons, the undersigned **RECOMMENDS** that Respondents be held in contempt, that a daily coercive fine be imposed, that the statute of limitations be tolled, and that Petitioner be awarded its attorney's fees.

Pursuant to 29 U.S.C. § 211(a), the Regional Administrator of the Department of Labor's Wage and Hour Division issued a subpoena *duces tecum* on October 10, 2023, requiring Respondents DRR Roofing, LLC, and Daniel Ruiz (DRR's owner and statutory agent) to

produce 23 categories of records and documents, for the period of August 30, 2021, to the date of production, concerning Respondents' business structure, revenue, income taxes, and employment practices. (*See* Subpoena *Duces Tecum,* ECF No. 1-8.) The subpoena required production by October 20, 2023. (*Id.*) Respondents failed to respond to the subpoena and, on May 24, 2024, Petitioner filed a petition to enforce the subpoena. (ECF No. 1.) The Court granted the petition on July 15, 2024, and ordered Respondents "to produce, **WITHIN 30 DAYS** of the date of this Order, the documents identified in the Subpoena *Duces Tecum* (ECF No. 1-8)." (ECF No. 6.) After Respondents again failed to produce any documents or otherwise respond to the subpoena or the Court's order, Petitioner filed a motion for an order for Respondents to show cause why they should not be held in contempt for failing to comply with the order enforcing the subpoena. (ECF No. 10.) Specifically, Petitioner sought an order requiring Respondents to show cause why the Court should not issue a daily coercive fine of $250 per day until Respondents comply with the subpoena, why the Court should not require Respondents to pay Petitioner's attorney's fees incurred in prosecuting the petition, and why the Court should not toll the statute of limitations under the Fair Labor Standards Act, 29 U.S.C. § 255 ("FLSA"), from October 20, 2023 (the original deadline for compliance with the subpoena) until Respondents fully comply with the subpoena. (*Id.*). The undersigned granted that motion (ECF No. 11) and held a Show Cause Hearing on October 21, 2024, at which Respondents failed to appear.

    The decision to hold a party in contempt is within the sound discretion of the district court. *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017). "A party that seeks civil contempt sanctions must demonstrate by clear and convincing evidence that the opposing party knowingly 'violated a definite and specific order of the court.'" *Id.* (quoting *NLRB v. Cincinnati Bronze, Inc*., 829 F.2d 585, 591 (6th Cir. 1987)). Petitioner has met this

burden, as the Court's July 15, 2024 Order definitely and specifically required Respondents to produce enumerated documents by a reasonable date certain, and Respondents failed to produce any documents whatsoever or to otherwise respond to the subpoena or the Court's Order. It is therefore **RECOMMENDED** that Respondents be held in contempt and that a fine of **$100 PER DAY**[1] be imposed on them until they comply with the Court's July 15, 2024 Order. For clarity, the undersigned takes no position as to whether any objections to Petitioner's subpoena are available to Respondents. It is further **RECOMMENDED** that the statute of limitations for actions under the FLSA against Respondents be tolled from October 20, 2023 (the date Respondents first failed to comply with the subpoena), until such date as Respondents comply with the subpoena in full. It is further **RECOMMENDED** that Respondents be ordered to pay the attorney's fees and costs Petitioner reasonably incurred in connection with prosecuting the petition.[2] Finally, it is **RECOMMENDED** that these sanctions *not* be imposed should Respondents respond to the subpoena within fourteen days of being personally served with this Report and Recommendation.

During the conference, Petitioner requested that the United States Marshal be directed to arrest Respondents and bring them to Court as a result of their repeated failure to respond to the subpoena or the Court's Orders. That request is denied; however, the United States Marshal is **DIRECTED** to serve this Report and Recommendation by personal service on Daniel Ruiz, the sole owner and statutory agent of DRR Roofing, LLC. The Clerk is **DIRECTED** to send a copy

---

[1] Petitioner sought a fine of $250 per day, but the undersigned finds $100 per day to be sufficient to compel Respondents' compliance.

[2] Petitioner indicates that she will file a motion for attorney's fees with the precise amount of fees incurred after Respondents comply with the subpoena. (Mot. 7, ECF No. 10.) Petitioner is **ORDERED** to attempt to reach an agreement with Respondents as to the amount of attorney's fees prior to filing her motion.

of this Report and Recommendation via regular and certified mail to Daniel Ruiz and DRR Roofing, LLC, at 519 Whitethorne Avenue, Columbus, OH, 43223, and via email to jr12961817@gmail.com.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE